Submitted on intervenors - respondents' Motion for Reconsideration and Motion for Extension of Time for Petition for Review filed April 9, reconsideration allowed; opinion (118 Or App 735, 849 P2d 532) adhered to June 23, Ecumenical Ministries' petition for reconsideration denied, Oregon Restaurant Association's petition for reconsideration denied, and Oregon State Lottery Commission's petition for reconsideration denied September 8, all petitions for review allowed October 26, 1993 (318 Or 24)
See later issue Oregon Reports

ECUMENICAL MINISTRIES OF OREGON;
Victor G. Atiyeh; Robert W. Straub;
Vern Ryles; Walter D. Pelett;
James W. Knapp and Clair Vandehey,
*Appellants,*

*v.*

OREGON STATE LOTTERY COMMISSION
and James J. Davey, Lottery Director,
*Respondents,*

*and*

OREGON RESTAURANT ASSOCIATION
and Video Lottery Consultants, Inc.,
*Intervenors - Respondents.*

(91C-11532; CA A72455)

854 P2d 952

Jacob Tanzer and Ball, Janik & Novack, Portland, for motion.

De MUNIZ, J.

Rossman, J., dissenting.

**De MUNIZ, J.**

Intervenors move for reconsideration of our opinion, 118 Or App 735, 849 P2d 532 (1993), and also move for an extension of time within which to petition for Supreme Court review.[1] We allow reconsideration and adhere to our opinion.

As material to the discussion, plaintiffs brought this declaratory judgment action, alleging that ORS 461.215 and ORS 461.217 authorize defendant Lottery Commission to establish "video poker," which will violate the prohibition of "casinos" in Article XV, section 4(7) of the Oregon Constitution. Defendants and intervenors moved for judgment on the pleadings. Based in the main on its interpretation of "casinos," the trial court granted the motion. Plaintiffs appealed. We concluded that there are factual questions that must be resolved and, because a judgment on the pleadings was therefore improper, we reversed and remanded.

Intervenors argue that we erred. Their reasoning is as follows:

1.  The case presents only a facial challenge to the constitutionality of the statute.

2.  The facial challenge is easily resolved. The statutes make no reference to "video poker." Rather, ORS 461.215 authorizes "games using video devices," and Article XV, section 4(4)(d) implicitly authorizes "lottery games utilizing computer terminals." Intervenors read the quoted language in the two provisions as being synonymous and, therefore, conclude that the statutes are facially constitutional, without more.

3.  At the time the action was brought, the Lottery Commission had not yet adopted rules to establish "video poker." Intervenors assert that, given the fact that the statutes themselves do not specifically mention "video poker," the only method for challenging the putative inconsistency between video poker and the proscription of casinos is through an ORS 183.400 proceeding directed at any rule that the commission adopts to establish video poker. Intervenors

---

[1] We have granted the extension by separate order.

conclude that the question cannot be addressed in this declaratory judgment action.

4. Finally, according to intervenors, we erred by holding that a judgment on the pleadings was impermissible, because the meaning of the various statutory and constitutional terms quoted above is a question of law that requires no evidentiary amplification.

■ In our view, intervenors are mistaken at every turn. The complaint in this case states a justiciable controversy. Intervenors' arguments do not contest that it does, but they presuppose that it states a controversy other than the one it does state. Contrary to intervenors' premise, plaintiffs make an "as applied" challenge as well as a facial one. The complaint clearly states that ORS 461.215 and ORS 461.217, when implemented, will allow video poker games and that that will result in the creation of "casino gambling, in violation of Art XV, § 4(7)." *See* 118 Or App at 740.

In response to those allegations, defendants and intervenors moved for judgment on the pleadings, which the trial court granted by stating a definition of "casinos" and responding to the precise question that plaintiffs posed. *See* 118 Or App at 741. If intervenors' point is that the court *should not* have answered that question in the absence of a Lottery Commission rule creating "video poker," the answer is that the case comes to us in the posture that the parties and the trial court fashioned. Only if we can say that there is a jurisdictional defect may we hold that the trial court erred by reaching the merits of the controversy that plaintiffs stated.

If intervenors were correct in arguing that *nothing* involving video poker can be decided in the absence of a commission rule that establishes the game, it might follow that exclusive jurisdiction over at least part of the controversy would be through a rule challenge under ORS 183.400. For that argument to be correct, however, the intervenors must also be correct in their underlying thesis that, as a matter of law, ORS 461.215 is not self-executing, but can assume effect only through rules that the Lottery Commission implements. However, the prohibition of casinos in section 4(7) that plaintiffs assert the video poker games would

violate does not bear out that thesis. It prohibits the legislature from *authorizing* casinos. If ORS 461.215 authorizes "video poker," and if video poker, in turn, would necessarily result in casinos, it would be immaterial that the legislature has empowered an intermediary to implement that authorization.

∎         In order to ascertain whether ORS 461.215 authorizes "video poker," it must be determined whether the "games using video devices" that the statute authorizes include video poker. If they do, the next question under plaintiffs' allegations would be whether video poker will result in "casinos." Intervenors argue that the meaning of all of those terms is a question of law that can be resolved on the face of the pleadings and from extrinsic interpretive and judicially noticeable sources. The fallacy in that argument is in intervenors' understanding that "video poker," "games using video devices" and "casinos" are *words* that can be construed as an exercise in statutory interpretation; however, they are not. Some or all of them are *things* that are technological in nature and that the trial court and we, as courts, know nothing about and can learn nothing about except from evidentiary presentations.[2]

We do not foreclose the possibility that, in the proceedings on remand, some of intervenors' points may assume validity. For example, if "video poker" does *not* prove to be a game using "video devices," it may follow that only an ORS 183.400 proceeding would be available to challenge the Lottery Commission's establishment of video poker. However, none of intervenors' points can be substantiated on the present record or through the procedural device that intervenors and defendants elected to pursue. The case is not a proper one to be decided by a judgment on the pleadings.

Reconsideration allowed; opinion adhered to.

**ROSSMAN J.**, dissenting.

I adhere to my dissent to the majority's first opinion. This case is ready to be decided on its merits, and I would

---

[2] For the same reason, intervenors' contention that, as a matter of law, there is a common meaning to "games using video devices," ORS 461.215, and "lottery games utilizing computer terminals," Or Const Art XV, section 4(4)(d), would also fail, if that were the issue.

decide it by holding that video poker is casino gambling, which is clearly prohibited by Article XI, section 4(7), of the Oregon Constitution.